UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JULIO CESAR NAVAS,<br><br>                    Plaintiff,<br>v.<br><br>DAVID RANKIN, *et al.*,<br><br>                    Defendants. | Case No. 3:18-cv-00088-MMD-CBC<br><br>ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE CARLA B. CARRY |

Before the Court is the Report and Recommendation of United States Magistrate Judge Carla B. Carry (ECF No. 7) ("R&R") regarding Plaintiff's application to proceed *in forma pauperis* ("Application") (ECF No. 1) and *pro se* complaint ("Complaint") (ECF No. 1-1). Plaintiff had until February 20, 2019, to file an objection. (ECF No. 7.) To date, no objection to the R&R has been filed. The Court accepts and adopts the R&R in full.

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna-Tapia* as adopting the view that

district courts are not required to review "any issue that is not the subject of an objection."). Thus, if there is no objection to a magistrate judge's recommendation, then the court may accept the recommendation without review. *See, e.g.*, *id.* at 1226 (accepting, without review, a magistrate judge's recommendation to which no objection was filed).

Nevertheless, this Court finds it appropriate to engage in a *de novo* review to determine whether to adopt Magistrate Judge Carry's R&R. Upon reviewing the R&R and underlying briefs, this Court finds good cause to accept and adopt the R&R in full.

Judge Carry recommends dismissing Plaintiff's Complaint because Plaintiff failed to comply with the Court's order that Plaintiff pay the filing fee associated with his lawsuit within 30 days of that order. (ECF No. 7 at 1, 4; *see* ECF No. 6 at 2 (order entered on October 24, 2018, giving Plaintiff 30 days to pay the full $400 filing fee).) Judge Carry previously denied Plaintiff's Application pursuant to 28 U.S.C. § 1915(g) because Plaintiff had at least on three prior occasions filed actions in this Court that were dismissed for failure to state a claim (ECF No. 7 at 1; ECF No. 6).[1] To date, Plaintiff has neither complied with nor responded to the Court's order. Accordingly, the Court accepts and adopts Judge Carry's recommendation that this action be dismissed. *See, e.g.*, *Thompson v. Hous. Auth. of City of L. A.*, 782 F.2d 829, 831 (9th Cir. 1986) (recognizing that district courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissing case for failure to comply with court order).

It is therefore ordered, adjudged and decreed that the Report and Recommendation of Magistrate Judge Carla B. Carry (ECF No. 7) is accepted and adopted in its entirety.

It is further ordered that the Complaint (ECF No. 1-1) is dismissed without prejudice.

---

[1] *See* 28 U.S.C. § 1915(g) ("In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.").

It is further ordered that the Court adopts Judge Carry's denial of Plaintiff's application to proceed *in forma pauperis* (ECF No. 6).

The Clerk of Court is directed to enter judgment accordingly and close this case.

DATED THIS 26th day of February 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE